[No. 2,983.]

## JOHN BARRY, WESLEY WOOD, HENRY MUTZ, AND THEODOSIO CARRILLO *v.* THE COUNTY OF SONOMA.

EVIDENCE IN EJECTMENT AGAINST A COUNTY FOR LAND CLAIMED TO HAVE BEEN DEDICATED.—In an action against Sonoma County to recover land, claimed by the county to have been dedicated to public use, the plaintiffs offered to prove by C. that he had been employed by the Board of Supervisors to look after the fences and keep them in repair, and was so engaged at the commencement of the action; and that in performing this service he was acting as the servant of the county, employed for that purpose: *Held*, that the evidence was admissible as tending, in some degree, to establish the possession of the county.

APPEAL from the District Court of the Seventh Judicial District, County of Sonoma.

The facts are stated in the opinion.

*George W. Tyler*, for the Appellants, cited *Mitchell* v. *Davis*, 20 Cal. 45.

*A. P. Overton, District Attorney*, and *William McCullough*, for Respondent.

By the Court, CROCKETT, J.:

The action is ejectment to recover a portion of a block of land, which the defendant claims to be a public square,

dedicated to public use, in the Town of Santa Rosa. At the trial the plaintiffs put one Carrillo on the stand as a witness, and offered to prove by him that before the commencement of this suit the witness was employed by the Board of Supervisors of Sonoma County to take charge of and keep up the fences around the property described in the complaint; that he was so employed to keep the same in repair and look after it for the County of Sonoma; that he was thus employed by the Board of Supervisors of said county as their servant at the commencement of this suit. To the admission of this testimony the defendant objected, on the ground that it was irrelevant and incompetent; and the Court having sustained the objection, the plaintiffs excepted, and this ruling is assigned as error. The plaintiffs introduced no other evidence to prove that the defendant was in possession at the commencement of the action, which fact was put in issue by the answer. Thereupon the Court granted a nonsuit, on the sole ground that the plaintiffs had failed to prove possession in the defendant.

The evidence which was excluded, standing alone, certainly did not establish in a very satisfactory manner the defendant's possession. Nevertheless, it was neither irrelevant nor incompetent, and clearly tended, in some degree, to prove the possession in the defendant. As I understand the offer, it was to show that the witness had been previously employed by the Board of Supervisors to look after the fences and keep them in repair, and was so engaged at the commencement of the action; and that in performing this service he was acting as the servant of the County of Sonoma, employed for that purpose. These acts of dominion, .if proved, would have tended, in some degree, to establish the possession, and the evidence should have, therefore, been admitted.

Judgment reversed, and cause remanded for a new trial.